# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**CHRISTOPHER RUSSELL**                                                    **PETITIONER**

**v.**                                               **CIVIL ACTION NO. 3:11cv674-TSL-MTP**

**HUBERT DAVIS**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

      This matter is before the Court on Respondent's [9] Motion to Dismiss Pursuant to §
2244(d).  Having considered the motion, Petitioner's [12] response in opposition, along with the
record of this case and the applicable law, the undersigned recommends that Respondent's [9]
Motion to Dismiss be granted, and that the [1] Petition of Christopher Russell for Writ of Habeas
Corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.

## PROCEDURAL HISTORY

      On July 17, 2007, Petitioner Christopher Russell ("Petitioner") pled guilty in the Circuit
Court of Hinds County, Mississippi to the charges of kidnaping, gratification of lust, and
attempted sexual battery.[1]  On the same date, and following a plea hearing, the trial court
sentenced Petitioner to serve a term of forty (40) years on the charges of kidnaping and
attempted sexual battery, and to fifteen (15) years on the gratification of lust charge.  The trial
court suspended 15 of the 40 years "and that will be the 15 of the gratification of lust." [6] at pp.
82-83 of 115.  Petitioner's sentence is to be served in the custody of the Mississippi Department
of Corrections.

      On or about June 28, 2010, Petitioner filed a motion for post-conviction collateral relief

---

[1]As part of his plea, a fourth charge of sexual battery would be remanded to the file. [6] at
pp. 59-60 of 115.

or in the alternative a correction of the sentence imposed in the Circuit Court of Hinds County.[2]
*See* [9]-1 at p. 1.[3]  By order signed, dated, and filed February 16, 2011, the Circuit Court of

Hinds County denied and dismissed Petitioner's motion.  *See* [9]-2.  By order signed September

23, 2011, and filed September 27, 2011, the Mississippi Court of Appeals on its own motion

dismissed as untimely Petitioner's appeal of the trial court's order.  [9]-3.  *See also* [12]-2

(Mandate).

Petitioner filed the instant federal Petition for Writ of Habeas Corpus [1] on July 20,

2011.[4]  Respondent contends that the Petition should be dismissed as untimely and that there are

no rare and exceptional circumstances to warrant equitable tolling.

---

[2]Petitioner apparently at one point in 2009 sought the assistance of counsel to pursue post-conviction relief.  *See* [6] at pp. 16-21 of 115.  Still, this was after the expiration of the federal habeas statute of limitations.

[3]The filed date stamp on the motion is June 30, 2010.  The certificate of service is dated June 28, 2010.  Mississippi follows the "mailbox rule" with respect to motions for post-conviction relief filed by *pro se* prisoners.  *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000).  The Fifth Circuit has held that application of the "mailbox rule" to state court filings is a matter of state law which the federal courts will respect.  *Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006).  The Court will give Petitioner the benefit of the doubt and assume that his motion for post-conviction relief was delivered to prison officials on the same day as the certificate of service.  *See also* [6] at p. 41 of 115 (Amended Order Denying Motion to Proceed In Forma Pauperis and granting Petitioner until August 30, 2010 to file for post-conviction relief).

[4]The Petition is unsigned and bears a date stamp in this Court of November 1, 2011.  Under the "mailbox rule," Petitioner's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this Court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  The [1] Petition shows that it was placed in the prison's mailing system on July 20, 2011.  However, the envelope containing the habeas petition is postmarked October 27, 2011.  Regardless of whether the Court uses the July or October dates, the instant Petition is untimely.

# DISCUSSION

## I.

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Alternatively, the time begins to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . .". 28 U.S.C. § 2244(d)(2) (emphasis added).

As stated above, Petitioner pled guilty to kidnaping, attempted sexual battery, and gratification of lust and was sentenced by the trial court on July 17, 2007. While direct appeals from guilty pleas are prohibited under state law, Petitioner could have appealed an alleged illegal sentence within thirty days of the trial court's final judgment and sentence.[5] Accordingly,

_____

[5]At the time of Petitioner's plea, Mississippi law allowed a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977). *See also Ramage v. Thornton*, 2007 WL 1087485, at *2 (S.D. Miss. 2007). The Mississippi Court of Appeals has since recognized that this exception no longer applies due to the amendment of Miss. Code Ann. § 99-35-101, effective July 1, 2008. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that Miss. Code Ann. § 99-35-101 (Supp. 2009), was amended effective July 1, 2008, to prohibit any direct appeal upon entry of a guilty plea, but recognizing that "prior to the amendment of the statute, a defendant, who entered a guilty plea and was sentenced, was allowed to challenge on

Petitioner's's judgment became final–and the statute of limitations for federal habeas relief began to run–on August 16, 2007, giving him until August 18, 2008[6] to file his petition. Petitioner did not file his current federal petition until, at the earliest, July 20, 2011, *see supra* n.4, almost three years after his deadline. Thus, Petitioner's petition is barred by the statute of limitations unless he is entitled to either statutory or equitable tolling.[7]

## II.

Whether statutory tolling occurred during the period between Petitioner's judgment becoming final on August 16, 2007 and the filing of his federal habeas petition on July 20, 2011 is first determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a *properly filed* application for State post-conviction or other collateral review" remains pending. (Emphasis added).

As mentioned *supra*, Petitioner filed a motion for post-conviction relief in the state trial court on June 28, 2010. However, as this was filed *after* the federal habeas statute of limitations had expired, it cannot toll the statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, statutory tolling pursuant to § 2244(d)(2) does not apply to Petitioner's application for federal habeas corpus relief.

---

direct appeal any sentence imposed as a result of his guilty plea"). Respondent acknowledges that, as Petitioner's guilty plea was taken prior to the amendment of the statute, he is entitled to the benefit of the earlier exception. [9] at p. 3 of 7 n.1.

[6]Respondent observes that the one-year anniversary of August 16, 2008 fell on a Saturday, and acknowledges that Petitioner is entitled to extend the statute of limitations to the next working day, which is August 18. [9] at p.3 of 7.

[7]Respondent also submits that failure to exhaust state court remedies provides an alternative ground for dismissing the instant petition. [9] at p. 4 of 7 n.2. Because the Petition is clearly time barred, the Court does not reach this ground.

The issues Petitioner raises in his federal habeas petition are ineffective assistance of trial counsel in various respects, and whether he was properly informed at sentencing of the statutory minimum and maximum punishment. Petitioner's [12] response to the motion to dismiss is difficult to follow, but appears to focus on the trial court proceedings and his claim of innocence.

The Court has attempted to liberally construe the petition and arguments to identify the relevant issues. For example, Petitioner may be arguing that a state-created impediment exists as he alludes to a delay in obtaining a transcript of the original trial proceedings. *See* [12] at p. 5 of 10 n.1. However, "problems associated with obtaining transcripts and trial records for preparing a habeas corpus petition do not amount to 'state-created impediments,' setting off the commencement date of the limitations period." *Cole v. Director, TDCJ-CID*, 2009 WL 1468470, at *2 (E.D. Tex. 2009) (citing *Lloyd v. Vannatta*, 296 F.3d 630, 632-33 (7th Cir. 2002); *Randolph v. Taylor*, 69 Fed. Appx. 824, 825 (9th Cir. 2003); *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002); *Crawford v. Costello*, 27 Fed. Appx. 57 (2d Cir. 2001)).

Nevertheless, Petitioner does not explain how these materials would have been necessary for filing the instant petition or have any bearing on its timeliness. Thus, Petitioner has failed to establish the applicability of the state-created impediment exception. *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006), *cert. denied*, 551 U. S. 1149 (2007) (rejecting petitioner's argument that state's delay in providing records to him constituted state-created impediment where petitioner "failed to explain why the documents held by the state were necessary to pursue his federal claim and he also did not show diligent pursuit of his claims even after receiving the material"). There is no basis for statutory tolling.

## II.

Petitioner does not refer to the doctrine of equitable tolling. To the extent that the arguments set forth by Petitioner might be construed as invoking the doctrine of equitable tolling, the Court will briefly address this issue. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights . . .". *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (citation omitted). It is permitted only "in rare and exceptional circumstances." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Even excusable neglect will not suffice. *Ott*, 192 F.3d at 513-14. The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Id*. (quoting *Davis*, 158 F.3d at 811).

Petitioner has not established the existence of rare and exceptional circumstances which warrant equitable tolling. He has certainly not shown that he was actively misled by Respondent in filing his federal petition,[8] and he appears to be thoroughly familiar with his case.

---

[8]He complains at length about treatment he received at the state court level.

In the context of equitable tolling, an inmate's lack of access to his state court records[9] does not present an "exceptional circumstance" to warrant equitable tolling. *See Cofer v. Johnson*, 226 F.3d 643, at *1 (5th Cir. 2000) (*per curiam*) (rejecting claim for equitable tolling based on delay in receiving a copy of state court records); *Bishop v. Quarterman*, 2007 WL 1567095, at *4 (S.D. Tex. 2007) (citing *Roughley v. Cockrell*, 45 Fed. Appx. 326 (5th Cir. 2002) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records)); *Kiser v. Dretke*, 2004 WL 2331592, at *2 (N.D. Tex. 2004) (holding that "[d]ifficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling"), *Report and Recommendation adopted by* 2004 WL 2549174 (N.D. Tex. 2004)).

Likewise, Petitioner's *pro se* status and lack of legal training are of no avail to him.[10] "It is well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well versed in the law." *Bishop v. Quarterman*, 2007 WL 1567095, at *4 (S.D. Tex. 2007) (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)).[11]

---

[9]It is not altogether clear that Petitioner makes such a claim, but since it is addressed in the context of statutory tolling the Court addresses it here in the interest of completeness.

[10]Petitioner makes reference to not being "versed in the science of law . . .". [6] at p. 5 of 115. Although this may pertain to his underlying habeas claims, the Court will also consider it in relation to equitable tolling.

[11]Further, a prerequisite to the application of the equitable tolling doctrine is a showing that the petitioner has "diligently pursue[d] § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citations omitted). *See also Seeling v. Abram*, 2010 WL 4038602, at *2-3 (S.D. Miss. 2010) (summarizing law on equitable tolling and lack of due diligence by petitioner; case involved claim of an illegal sentence), *Report and Recommendation adopted by* 2010 WL 4021913 (S.D. Miss. 2010)). Despite his arguments concerning his innocence, Petitioner did not diligently pursue habeas relief in federal court, having waited almost four years after his state

Finally, inasmuch as Petitioner may be arguing that barring his petition as untimely would constitute a fundamental miscarriage of justice, this principle is analyzed in terms of actual innocence.[12]  *See generally Henderson v. Thaler*, 626 F.3d 773 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2961, 180 L. Ed. 2d 250 (2011);  *Starns v. Bingham*, 2007 WL 954742, at *3 (S.D. Miss. 2007) (fundamental miscarriage of justice claim discussed in connection with equitable tolling and actual innocence).

The Fifth Circuit has held that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder*, 204 F.3d at 171.  The court did, however, leave open the possibility that a *showing* of actual innocence might warrant equitable tolling.  *Id.* at 171 n.8; *see also Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

In *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002), *cert. denied*, 539 U. S. 918 (2003), the Fifth Circuit stated:

> The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted.  As a consequence, a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period.  We have previously held that they do not.  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Therefore, Cousin's claims of innocence do not preclude the dismissal of his petition as untimely.

310 F.3d at 849.  In the instant case, Petitioner has failed to make a showing of actual innocence.

---

court conviction became final.  Indeed, he waited almost three years to pursue post-conviction relief in state court before ever presenting his claims to this Court.

[12]Petitioner mentions "actual innocence" in an affidavit attached to his motion for post-conviction relief filed in state court. [9]-1 at p. 17 of 34.  His claims of innocence predominate his [12] response to the instant motion to dismiss.

Accordingly, he should not be afforded equitable tolling and the Petition should be dismissed as untimely.

## CONCLUSION

Petitioner's federal petition for a writ of habeas corpus presently before the Court was filed approximately three years after the deadline passed. This Court concludes that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because Petitioner did not file his federal petition until July 20, 2011 (at the earliest), he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this Court that Respondent's [9] Motion to Dismiss Pursuant to § 2244(d) be granted and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  28 U.S.C. § 636(b)(1);

*Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[13]

THIS the 6th day of June, 2012.

s/Michael T. Parker
United States Magistrate Judge

---

[13]*Douglass* referred to the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.